

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 16, 1957.

Honorable William J. Burke
Executive Director
State Board of Control
Austin, Texas.

Opinion No. WW-135

Re: Does the State Board of
Control have authority
to delete the rough and
finished grading from
one or more "group
contracts" involving
grading and add this
work to another con-
tract which is a part
of the whole job but a
separate entity so far
as completion date is
concerned?

Dear Mr. Burke:

You have requested an opinion on the following question:

"Does the State Board of Control have the authority to delete the rough and finished grading from one or more 'group contracts' involving grading and add this work to another contract which is a part of the whole job but a separate entity so far as completion date is concerned?"

This question is based upon the following factual information contained in your request:

"On August 16, 1955, the State Board of Control entered into contracts with S. O. and C. D. Yarbrough Construction Company for the remodeling of the Texas State School for the Deaf.

"Since it was necessary to continue with school during the construction period, bids were received by building groups and the construction was scheduled in such a way as to interfere least with the school program.

"The following is quoted from the specifications. 'The State of Texas will make separate contracts on separate groups to a low bidder so that he will receive 100% payment on completion and acceptance of any phase of the work.' S. O. and C. D. Yarbrough Construction Company was the successful bidder in all groups for both general and mechanical work.

"The specifications require the contractor to perform all rough grading and finished grading for each group. The contractor has requested 100% payment for several groups though grading on these groups has not been done. The Board of Control refused to approve the payment until all work in each group has been completed. The contractor is now requesting that the grading portion of the contracts which are otherwise complete be transferred to a group that is scheduled for completion at a later date. If he is allowed to make this transfer, he will deduct the cost of grading from each group and add that same cost to another group; the contract price on each group affected would be changed but at the completion of all groups the total contract price of all groups will be unchanged. The completed project would not be affected by this transfer, but there is the possibility that the contractor would, as the result of such transfer, have an economic advantage which was not proposed to all other bidders on this project at the time bids were received."

Under agreement dated August 16, 1955, the contractor has agreed to provide all materials and perform all the work as described in the specifications. Under the bid proposal the State of Texas agreed to make separate contracts on separate groups to the low bidder so that he would receive 100% payment on completion and acceptance of any phase of the work. Therefore, under the agreement, before the contractor would be entitled to 100% payment for the work performed he must complete the work prescribed for each group. This prescribed work required that the grading be completed on each separate group. Therefore, if the State Board of Control deleted the grading from one or more groups and transferred such work to group 18 (road work) it would constitute a change of conditions upon which each bidder bid on the contract.

Since the obligation of the State is to pay the 100% upon completion of the work for each group, this cannot be paid until the contractor has completed the grading required in the specifications for each group.

### SUMMARY

The State Board of Control does not have authority to delete the rough and finished grading from one or more "group contracts" involving grading and add this work to another contract which is a part of the whole job but a separate entity so far as completion date is concerned.

Yours very truly,

WILL WILSON
Attorney General

By John Reeves
Assistant

JR:zt:rh

APPROVED

OPINION COMMITTEE:

H. Grady Chandler
        Chairman
L. P. Lollar
Grundy Williams
J. L. Smith

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn